**MINUTE ENTRY**
**November 15, 2018**

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-cr-00214-02-06 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| DAVID SMITH, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

In advance of the sentencing hearings set for November 28, 2018, the Court hereby advises the parties of the following:

1. Several of the defendants' presentence reports ("PSR") impose a three-point enhancement, pursuant to U.S.S.G. § 3B1.1(b), because the defendant was a manager or supervisor and the criminal activity involved five or more participants. Only one defendant has objected to this enhancement. Nonetheless, at sentencing, the Government should be prepared to present sufficient evidence to sustain the leadership enhancement for each defendant.

2. For several defendants, the agreed-upon restitution figure represents the respective defendant's salary at Explo over a certain number of years. "The general rule is that a district court can award restitution to victims of the offense, but the restitution award can encompass only those losses that

resulted directly from the offense for which the defendant was convicted." United States v. Maturin, 488 F.3d 657, 660-61 (5th Cir. 2007). This rule is broadened in conspiracy cases to allow restitution to any person directly harmed by the defendant's criminal conduct. Id. at 661. Notwithstanding those general limitations, 18 U.S.C. § 3663(a)(3) provides that the Court may order restitution to the extent agreed upon by the parties. In the instant case, the restitution figures recommended in the PSR were stipulated to in the plea agreements, and no party has objected to those amounts. At sentencing, the parties should be prepared to articulate how the proposed restitution amounts are reflective of losses that resulted directly from the criminal activity, or alternatively explain the relationship between the defendant's conduct, the restitution amount, and the victim to whom it should be paid. In the event the Court imposes restitution, the Government must be prepared to identify the specific victim or victims to whom restitution would be made payable and the precise amount owed to each victim.

3. Defendant Callihan has objected to the factual section of his PSR, requesting that the PSR "clarify that information relating to conduct by any of the other defendants that predated Callihan's involvement with Explo should not be attributed to Callihan directly or indirectly." At sentencing, Callihan should be prepared to support this objection with argument and evidence.

4. If any motions will be filed related to sentencing, those should be filed no

       later than **Wednesday, November 21, 2018**.

5. Because of the nature of the charges and the overlap of legal issues to be addressed at sentencing, the Court's intention is to handle the presentation of evidence and objections by the parties first, as a group, before proceeding to the individualized sentencing of each defendant. If there are any objections to this proposal, please inform the Court by **Wednesday, November 21, 2018** by emailing foote_motions@lawd.uscourts.gov.

**IT IS SO ORDERED**.